UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Docket No.: 20-cv-2666**

FRANCIS PAUL QUINN, JR., and LORI ANN QUINN,

Plaintiff(s),

-*against*-

THE CITY OF NEW YORK and THE NEW YORK
CITY DEPARTMENT OF TRANSPORTATION,

Defendant(s).

<u>**VERIFIED COMPLAINT**</u>

**JURY TRIAL DEMANDED**

**PLAINTIFFS**, FRANCIS PAUL QUINN, JR., and LORI ANN QUINN by their attorneys, NAPOLI SHKOLNIK, PLLC, complaining of Defendants, upon information and belief respectfully allege as follows:

<u>**JURISDICTION AND VENUE**</u>

1. That at all times herein mentioned, Plaintiff FRANCIS PAUL QUINN, JR., was and still is resident of the State of Massachusetts, County of Worcester.

2. That at all times herein mentioned, Plaintiff LORI ANN QUINN, was and still is resident of the State of Massachusetts, County of Worcester.

3. That at all times hereinafter mentioned the defendant THE CITY OF NEW YORK (hereinafter referred to as "NYC") was and is a municipal corporation organized and existing under and by virtue of the Laws of the State of New York.

4. That within ninety (90) days after the cause of action accrued and before the commencement of this action, plaintiff caused to be served upon defendant NYC by the Comptroller thereof, a Notice of Claim, in writing, setting forth the time, place and cause of the



accident and damage sustained and gave notice that if the claim was not settled or adjusted within the time limited for compliance with this demand by defendant NYC by the Statutes in such cases made and provided, suit would be commenced against defendant NYC for damages by reason of the facts herein set forth.   The City of New York Claim Number is 2019PI0025533.

5.     That more than thirty (30) days have elapsed since the presentation of Claim and Notice of Intention to Sue and the Comptroller and Corporation Counsel have neglected and refused to make any payment.

6.     That not more than fifteen (15) months have elapsed from the time the cause of action accrued and the commencement of this action.

7.     That pursuant to §50(h) of the General Municipal Law a hearing was scheduled for February 20, 2020 but was adjourned due to the COVID 19 epidemic and will be rescheduled to a future date.

8.     That defendants have refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and thereafter, and within the time provided by law, this action has been duly commenced.

9.     That this action is being commenced within one (1) year and ninety (90) days of the date of the occurrence herein against the defendants.

10.     That Jurisdiction with this Honorable Court is proper as the provides the remedy with respect to plaintiff's claims against defendant.

11.     That the cause of action arose in the State of New York, County of New York.



12.     The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

13.     That this court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2).

14.     That venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**FIRST CAUSE OF ACTION ON BEHALF**
**OF PLAINTIFF FRANCIS PAUL QUINN, JR.**

15.     Plaintiff repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs designated as numbers "1" through "14" with the same force and effect as though fully set forth herein.

16.     That on or about July 3, 2019, and at all times hereinafter mentioned, defendant NYC owned a certain crosswalk on the South side of 6th Avenue at its intersection with West 53rd Street, in the State of New York, County of New York (hereinafter referred to as the "subject crosswalk").

17.     That on or about July 3, 2019, and at all times hereinafter mentioned, defendant NYC controlled the subject crosswalk.

18.     That on or about July 3, 2019, and at all times hereinafter mentioned, defendant NYC was the lessee of the subject crosswalk.

19.     That on or about July 3, 2019, and at all times hereinafter mentioned, defendant NYC was the lessor of the subject crosswalk.



20.      That on or about July 3, 2019, and at all times hereinafter mentioned, defendant NYC maintained the subject crosswalk.

21.      That on or about July 3, 2019, and at all times hereinafter mentioned defendant NYC operated the subject crosswalk.

22.      That on or about July 3, 2019, and at all times hereinafter mentioned defendant NYC repaired the subject crosswalk.

23.      That on or about July 3, 2019, Plaintiff FRANCIS PAUL QUINN, JR. was lawfully within the crosswalk of the South side of Avenue of the Americas (6th Avenue) at its intersection with West 53rd Street, New York, New York, when he was caused to fall and sustain severe and permanent injuries due the defective and hazardous condition of the within crosswalk.

24.      That on or about July 3, 2019, and sometime prior thereto defendant NYC had notice of said dangerous condition within the subject crosswalk.

25.      That on or about July 3, 2019, there were no warning signs, posts, and/or placards regarding the dangerous condition located at the subject crosswalk.

26.      On or about July 3, 2019, and sometime prior thereto defendant NYC., caused and created said dangerous condition within the subject crosswalk.

27.      That the above-mentioned occurrence and the results thereof were caused by the joint, several and concurrent negligence of the defendants and/or its servants, agents, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid crosswalk.



28.     The above mentioned occurrence and the results thereof were caused by the negligence and carelessness of the defendant NYC., its agents, servants, employees and/or licensees in the ownership, operation, management, maintenance, repair, inspection and control of the aforesaid crosswalk; in causing, allowing and permitting said crosswalk at the location above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous, trap like and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in failing to maintain the aforesaid crosswalk in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in failing to provide plaintiff with a safe and proper crosswalk; in causing, allowing and permitting the existence of a defective condition to interfere with and prevent plaintiffs safe passage; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully traversing said crosswalk; in failing to have taken necessary steps and measures to have prevented the above mentioned crosswalk from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said crosswalk and walkway to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said crosswalk; and in being otherwise negligent and careless.

29.     The subject crosswalk herein and the parts thereof constituted a public and private nuisance and a trap for the unaware and more particularly the plaintiff herein.

### SECOND CAUSE OF ACTION AS TO ON BEHALF OF PLAINTIFF FRANCIS PAUL QUINN, JR

30.     Plaintiff repeats, reiterates and re-alleges each and every allegation as set



forth in paragraphs designated as numbers "1" through "29" with the same force and effect as though fully set forth herein.

31.     That at all times hereinafter mentioned the defendant THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION (hereinafter referred to as "DOT") was and is an agency of co-defendant NYC.

32.     On or about July 3, 2019, and at all times hereinafter mentioned, defendant NYC owned a certain sidewalk and/or curb adjacent to such sidewalk outside of the crosswalk designated as 3990 Hillman Avenue, Bronx, New York (hereinafter referred to as the "subject crosswalk").

33.     That on or about July 3, 2019, and at all times hereinafter mentioned, defendant DOT controlled the subject crosswalk.

34.     That on or about July 3, 2019, and at all times hereinafter mentioned, defendant DOT was the lessee of the subject crosswalk.

35.     That on or about July 3, 2019, and at all times hereinafter mentioned, defendant DOT was the lessor of the subject crosswalk.

36.     That on or about July 3, 2019, and at all times hereinafter mentioned, defendant DOT maintained the subject crosswalk.

37.     That on or about July 3, 2019, and at all times hereinafter mentioned defendant DOT operated the subject crosswalk.

38.     That on or about July 3, 2019, and at all times hereinafter mentioned



defendant DOT repaired the subject crosswalk.

39.     That on or about July 3, 2019, and at all times hereinafter mentioned, defendant DOT owned the subject crosswalk.

40.     That on or about July 3, 2019, and at all times hereinafter mentioned, plaintiff FRANCIS PAUL QUINN, JR was lawfully walking at subject crosswalk when she was caused to fall and sustain severe and permanent injuries as a result of the aforementioned dangerous condition.

41.     That on or about July 3, 2019, there were no warning signs, posts, and/or placards regarding the dangerous condition located at the subject crosswalk.

42.     That the above-mentioned occurrence and the results thereof were caused by the joint, several and concurrent negligence of the defendants and/or its servants, agents, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid crosswalk.

43.     The above mentioned occurrence and the results thereof were caused by the negligence and carelessness of the defendant DOT., its agents, servants, employees and/or licensees in the ownership, operation, management, maintenance, repair, inspection and control of the aforesaid crosswalk; in causing, allowing and permitting said crosswalk at the location above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous, trap like and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in failing to maintain the aforesaid crosswalk in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in failing to provide plaintiff with a safe and proper crosswalk; in causing, allowing and



permitting the existence of a defective condition to interfere with and prevent plaintiffs safe passage; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully traversing said crosswalk; in failing to have taken necessary steps and measures to have prevented the above mentioned crosswalk from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said crosswalk and walkway to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said crosswalk; and in being otherwise negligent and careless.

44.     The subject crosswalk herein and the parts thereof constituted a public and private nuisance and a trap for the unaware and more particularly the plaintiff herein.

### THIRD CAUSE OF ACTION ON BEHALF
### OF PLAINTIFF LORI ANN QUINN

45.     Plaintiff repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs designated as numbers "1" through "44" with the same force and effect as though fully set forth herein.

46.     That at all times hereinafter mentioned, Plaintiff LORI ANN QUINN *née* HAZELHURST, was and is the lawful wedded wife of plaintiff, FRANCIS PAUL QUINN, JR., and as such is entitled to the services, society, comfort, companionship and consortium of her husband.

47.     That as a result of the foregoing occurrence, and resulting serious personal injuries, plaintiff has been deprived of the services, society, comfort, companionship and



consortium of her husband.

48.     That the damages in this action exceed the jurisdiction of the lower courts which would otherwise have jurisdiction over the subject matter.

49.     That due to the aforesaid, plaintiff suffered damages in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff demand judgment against the Defendants herein on the First Cause of Action, for compensatory and consequential damages, including damages for physical and emotional pain and suffering, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial, as well as all economic loss on all claims allowed by law, attorneys fees allowed by law, and any further relief that this court deems just and proper, and any other relief as allowed by law.

Dated:  New York, New York
        March 30, 2020

                                Yours, etc.,

                                **NAPOLI SHKOLNIK, PLLC.**

                                _____
                                By:   Joseph P. Napoli, Esq.
                                      Attorneys for Plaintiffs
                                      **FRANCIS PAUL QUINN, JR**
                                      360 Lexington Avenue – 11th Floor
                                      New York, New York 10017-6502
                                      (212) 397-1000

To:     **THE CITY OF NEW YORK**
        100 Church Street
        New York, New York 10007-2601



**THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION**
100 Church Street
New York, New York 10007-2601



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Docket No.: 20-cv-2666**

---

FRANCIS PAUL QUINN, JR., and LORI ANN QUINN,

                                        Plaintiff(s),

            -*against*-

THE CITY OF NEW YORK and THE NEW YORK
CITY DEPARTMENT OF TRANSPORTATION,

                                        Defendant(s).

---

**<u>VERIFICATION</u>**

**STATE OF NEW YORK      }**
**COUNTY OF NEW YORK } ss:**

        **JOSEPH P. NAPOLI, ESQ.,** an attorney admitted to practice in the Courts of New York State, states:

        1.     Affirmant is a senior partner of the law firm of NAPOLI SHKOLNIK, PLLC, attorneys of record for the plaintiff in the within action. Affirmant has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes it to be true.

        2.     This verification is made by affirmant and not by plaintiff, for the reason that plaintiff's residence is not in the county where affirmant maintains his office.

        3.     The ground of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: information furnished by plaintiff and counsel's investigation. The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
         March 30, 2020



By:   Joseph P. Napoli, Esq.



Docket No.: 20-cv-2666

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

**FRANCIS PAUL QUINN, JR., and LORI ANN QUINN**

**Plaintiff(s),**

*-against-*

**THE CITY OF NEW YORK and THE NEW CITY YORK DEPARTMENT OF TRANSPORTATION,**

**Defendant(s).**

### SUMMONS & VERIFIED COMPLAINT

**NAPOLI SHKOLNIK, PLLC.**
Attorneys for Plaintiffs
360 Lexington, Avenue 11th Floor
New York, New York 10017-6502
(212) 397-1000

To
Attorney(s) for _____

Service of a copy of the within _____ is          hereby
                                                                                          admitted.

Dated:
Attorney(s) for Plaintiff _____

Sir:

☐ Please take notice that the within is a (certified) true copy of a _____
duly entered in the Office of the Clerk of the within named Court on _____, 20___

☐ Please take Please take notice that an Order of _____
which the within is a true copy will be presented for settlement to the Hon. _____
one of the Judges of the within named Court, at _____ on _____, 20___
at ____:_____ ☐ a.m./ ☐ p.m.

